IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VICTOR BOWEN,                                              PETITIONER

v.                                                No. 3:17CV117-MPM-JMV

BRAD LANCE                                                  RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Victor Bowen for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition as moot; Mr. Bowen has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant petition will be dismissed as moot.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Victor Bowen is currently on parole from a sentence served with the Mississippi Department of Corrections.[1] On December 17, 2012, Bowen was indicted on the charge of sale of cocaine in Panola County Circuit Court, First Judicial District, Cause Number CR2012-78JMP[1]. *See* Exhibit B (Docket and Indictment in Cause Number CR2012-78JMP1).[2] On February 12, 2015, Bowen pleaded guilty to the charge of sale of cocaine, less than two (2) grams. *See* Exhibit C (Petition to Enter Plea of Guilty and Transcript). Under his plea, the Panola County Circuit Court sentenced Bowen to serve a term of one day of incarceration in the MDOC, followed by a term of five years of post-release supervision. *See* Exhibit D.

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

[2] At the time Mr. Bowen filed the instant petition for a writ of *habeas corpus*, he was in the custody of Brad Lance, the Tate County Sheriff, in Senatobia, Mississippi. Mr. Bowen's records, as available on the MDOC's website, show that Bowen was transferred to the Central Mississippi Satellite Facility in Canton, Mississippi, on May 11, 2018. According to his publicly available records on the MDOC website, he is currently on parole.

On May 18, 2017, the State filed a Petition to Revoke Post-Release Supervision, citing: (1) Bowen's failure to pay court-ordered assessments and (2) the commission of the crime of sale of cocaine on or about February 28, 2017, which resulted in a an indictment in Tate County. *See* Exhibit E. On the same day, the Panola County Circuit Court, First Judicial District issued a bench warrant and entered an order setting a hearing for May 24, 2017, on the State's Petition to Revoke Post-Release Supervision. *See* Exhibit F (Bench Warrant and Order). Mr. Bowen was served with notice of the hearing on May 19, 2017. *See* Exhibit G.

Bowen's initial revocation hearing took place on May 24, 2017. *See* Exhibit H (Transcript of Revocation Hearing on May 24, 2017). The circuit court ultimately continued the hearing to allow Bowen and his attorney the opportunity to provide evidence in support of Bowen's allegation that he had been coerced to take his plea in 2015. *Id*. The circuit court further ordered that Bowen was to remain in the custody of the Tate County Sheriff's Department without bond until the continued hearing on July 6, 2017. *Id. See* Exhibit I.

On June 30, 2017, the circuit court entered an Order appointing Tommy Defer to represent Bowen at his revocation hearing. *See* Exhibit J. On July 6, 2017, the Panola County Circuit Court held a status hearing on Bowen's continued revocation proceedings and Tommy Defer's request to be relieved as Bowen's counsel because Mr. Bowen had filed a bar complaint against him for allegedly coercing Bowen into pleading guilty. *See* Exhibit K (Transcript of Status Conference). On July 7, 2017, the circuit court entered an Order continuing Bowen's revocation proceedings to July 27, 2017, to allow Tommy Defer to withdraw as counsel, citing the bar complaint and the need to appoint new counsel. *See* Exhibit L. The circuit court then appointed David Walker to represent Bowen at his revocation hearing. *See* Exhibit M.

On July 24, 2017, Bowen again appeared in circuit court on his revocation proceedings. *See* Exhibit N (Transcript of Revocation Hearing on July 24, 2017). The circuit court entered an Order revoking Bowen's five years of post-release supervision, finding that the State met its burden of proof by the preponderance of the evidence that Bowen had failed to pay court-ordered assessments and committed the new crime of the sale of cocaine on or about February 28, 2017. *See* Exhibit O. The circuit court further credited Bowen for the eighty-nine (89) days served while awaiting disposition of the revocation proceedings and ordered Bowen to complete the GED program while in custody. *Id*.

## Nature of Proceedings: § 2241 v. § 2254

When a state prisoner challenges unconstitutional parole procedures or rules which affect his release, and resolution would entitle him to accelerated release, the challenge is properly brought as a *habeas corpus* proceeding. *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir.1998). A challenge to the execution of a sentence, as opposed to its duration, is appropriately brought under Title 28 U.S.C. § 2241, as opposed to § 2254. *Id.,* at 490; *see also, Batiste v. State Bd. of Pardon and Parole,* 1999 WL 102027 at *1 (E.D.La.1999) (quoting *King v. Lynaugh,* 729 F.Supp. 57, 58 (W.D.Tx.1990)); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir.1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle,* 10 Fed. Appx. 768, 2001 WL 589514 at *2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241). Mr. Bowen does not challenge the length of his sentence, only the manner in which he serves it (on parole or incarcerated). Thus, Mr. Bowen's petition is properly addressed as a § 2241 petition.

## Discussion

The facts of this case show that Mr. Bowen is no longer in detention for his parole violation, as his parole was revoked, but later reinstated. Thus, the instant petition for a writ of

*habeas corpus* under 28 U.S.C. § 2241 will be dismissed as moot.  If Mr. Bowen wishes now to challenge his state conviction or sentence, then he must do so through a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as moot.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of November, 2018.

    **/s/ MICHAEL P. MILLS**
    **UNITED STATES DISTRICT JUDGE**
    **NORTHERN DISTRICT OF MISSISSIPPI**